IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00912-GPG

MICHAEL (NYKA) PETRIE,

     Plaintiff,

v.

NURSE TERRY, CSP Medical,
NURSE III ASHLEY DAVIS, CSP Medical,
DR. DARREN L. LISH, MD-FAPA, Chief of Psychiatry, CDOC Headquarters,
LISA M. SANCHEZ, Constituent Services, Exec. Dir. Office CDOC,
LT. BRIAN MATTHEWS, CSP Housing, and
OFFICER BALLINGER, COI, CSP Housing,

     Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Michael (Nyka) Petrie, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Petrie has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights have been violated.   He seeks damages as relief.

The court must construe the Prisoner Complaint liberally because Mr. Petrie is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   Mr. Petrie will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Petrie's first two claims are repetitive Eighth Amendment claims.   He alleges in both claims that he was denied unspecified medical accommodations and supplies in

May 2015, apparently for three days, and that he was denied essential medications,

Wellbutrin and Gabapentin, for an unspecified period of time beginning on August 25,

2015.   Mr. Petrie also asserts a third claim contending he was denied due process.

Although not entirely clear, Mr. Petrie apparently contends in the due process claim that

the medications he was denied beginning on August 25, 2015, improperly were withheld

as a sanction for failing to take his medications properly even though he was not charged

with a disciplinary offense under the Code of Penal Discipline.

The Prisoner Complaint is deficient because Mr. Petrie fails to allege specific facts

in support of his claims against each Defendant that demonstrate he is entitled to relief.

Vague and conclusory allegations that his federal constitutional rights have been violated

do not entitle a *pro se* pleader to a day in court regardless of how liberally the court

construes such pleadings.   *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo.

1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).   Furthermore, the general rule that *pro se*

pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching

the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.

2005).   Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need

accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory

allegations."   *Hall*, 935 F.2d at 1110.   Neither the court nor Defendants are required to

guess in order to determine the specific factual allegations that are being asserted in

support of each claim.

In order to state a cognizable claim in federal court Mr. Petrie must identify the

specific factual allegations that support each claim, against which Defendant or

Defendants he is asserting each claim, and what each Defendant did that allegedly

violated his rights.   *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163

(10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain

what each defendant did to him or her; when the defendant did it; how the defendant's

action harmed him or her; and, what specific legal right the plaintiff believes the defendant

violated").   "The elements necessary to establish a § 1983 . . . violation will vary with the

constitutional provision at issue."   *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013)

(internal quotation marks omitted).   Furthermore,

> [b]ecause § 1983 [is a] vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants.   It is particularly important that plaintiffs make clear exactly *who* is alleged to have done *what* to *whom*, . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

*Id.* at 1225-26 (internal citations and quotation marks omitted).

Section 1983 "provides a federal cause of action against any person who, acting

under color of state law, deprives another of his federal rights."   *Conn v. Gabbert*, 526

U.S. 286, 290 (1999).   Thus, allegations of "personal participation in the specific

constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235,

1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)

("[i]ndividual liability . . . must be based on personal involvement in the alleged

3

constitutional violation.").

In order to state an arguable Eighth Amendment claim Mr. Petrie must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm, *see Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008), or deliberate indifference to his serious medical needs, *see Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976).   "A claim of deliberate indifference includes both an objective and a subjective component."  *Al-Turki v. Robinson*, 762 F.3d 1188, 1192 (10th Cir. 2014).   "A medical need is considered sufficiently serious to satisfy the objective prong if the condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Id.* at 1192-93 (internal quotation marks omitted).   Under the subjective prong, 'a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

With respect to the due process claim, Mr. Petrie must allege facts that demonstrate he intentionally was deprived of a constitutionally protected interest in life, liberty, or property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).   The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted.  *See Sandin v. Conner*, 515 U.S. 472, 480 (1995).   A prisoner is not entitled to any procedural protections in the absence of a grievous loss.   *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).   Generally, a liberty interest protected by due process may arise under the United States Constitution or state law.  *See Sandin*, 515

4

U.S. at 483-84.

For these reasons Mr. Petrie will be ordered to file an amended complaint that clarifies the claims he is asserting.   Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."   Therefore, Mr. Petrie will be directed to file his amended pleading on the court-approved Prisoner Complaint form.   Mr. Petrie also must provide an address where each Defendant may be served.   Accordingly, it is

ORDERED that Mr. Petrie file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Petrie shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Petrie fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED April 26, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge

5